Michael Libman, Attorney for Michael Munoz v. Superior Court of Los Angeles County May it please the Court, Michael Fox on behalf of the Superior Court of California for the County of Los Angeles and the former presiding judge Eric Taylor. Your Honor, Judge Fletcher, you got it right on the head. The 11th Amendment bars this action as fully stated by the Supreme Court and whole women's health. Before the plaintiffs filed their action, that case was cited at least in Munoz 2 in the district court. It was cited in both of our respondents' briefs in Munoz 1 and in Munoz 2. And as you will note, there was no reply brief either. So it seems to be dispositive as they've submitted on their briefs. We've obviously written extensive briefing for you both here and in the trial court, and it does not seem to be an issue. If the court has questions, I'm happy to address them, but I think— Well, I have a question. If we agree with you on that, do we need an opinion? Because I think—isn't our case law a little inconsistent with—or I shouldn't say a little inconsistent. It seems like our current case law goes the opposite way from whole women's health. Do we need to make clear that our prior case law has been abrogated? Well, Your Honor, respectfully, I'm not sure that your prior case law is inconsistent. Indeed, members of this panel in just over the last year have rendered 11th Amendment immunity as a bar to actions in the cases brought in this circuit. I'm talking about Wolf v. Strankman, and maybe what you're telling me is Wolf v. Strankman we've already made clear. That's a 2004 case. Sure. You're telling me that we've already made clear through subsequent— Well, let me make a—maybe there's a slight distinction there. I think with the 11th Amendment immunity and whole women's health, it would obviously apply to the superior courts as arms of the state. Our argument would be that superior court judges are also arms of the state. So in that sense, the precedent is consistent with regard to the concept of judicial immunity in 1983 cases, which is addressed by the Wolf case. Those cases address the point which I think Petitioner's counsel was trying to get to, which is that a 1983 claim would survive the 11th Amendment, but in fact, 1983 on its face wouldn't apply to the facts of this case against judicial officers. And that's something which the district court found. It was a basis for the district court's opinion, and the petitioners did not raise that issue at all as a basis for their appeal here. So in our view, 11th Amendment immunity under whole women's health doesn't need to be further addressed by this court because the court's precedent, and I believe it was in the two most recent cases decided by Judge Wallace that I was able to find, found 11th Amendment immunity barring the claims against superior courts and judges. So there is precedent, obviously, here within the circuit. And then if we're getting to the kernel of judicial immunity itself, that is abrogated by the express terms of Section 1983 as applied by Wallace. But do you have those cases? They are unpublished decisions. Oh, they're unpublished, okay. But nonetheless, they are published in Westlaw, 2022 Westlaw. Oh, yeah, okay. Published as a term of art, of course. I understand, but my point being is that the court obviously wouldn't have reached the conclusion in those cases if the precedent wasn't there. They didn't think it was already clear under our precedent. Although I'm not – I just don't know in those cases whether Wolfe had been raised and whether we need to – anyway, I'll take another look at that. And, again, my point, Your Honor, would be if Wolfe needs to be revisited in the context of whole women's health, it would be consistent because Wolfe was applying the principles of judicial immunity, whether specifically with regard to Section 1983 or not. In our view, that would be irrelevant because other precedents of this court have established that state court judges are arms of the state. So the principles of whole women's health would remain consistent, whether it's against a court or a specific judge of the court. Your argument is more broad. We really – we don't have any – we just don't have a conflict because Wolfe was addressing a slightly different issue. Is that right? Wolfe does address a slightly different issue, but it addresses the issue of whether or not the court is acting in absence of its jurisdiction. And that really goes down the line of cases where it finds whether or not judicial immunity has been abrogated. We may not get there in the instance if, indeed, a state court judge is an arm of the state subject to Eleventh Amendment immunity. And that may have been something which wasn't addressed by those other courts, but it has been addressed by this court since. Okay. Any further questions from the bench? No. Okay. No further questions, Your Honor. We would submit. Thank you. Mr. Lieben? Yes, very quickly, Your Honors. Again, 1983 was specifically made to provide a remedy against state governments, including state judges. It is expressly in the statutory language that a suit for equitable remedy for an injunction, not for damages, may be brought against a judicial officer of the state that's – in his official capacity is exercising his official responsibilities, which is exactly what's going on here. It is fairly straightforward. The Humphrey case recently decided by the California Supreme Court is the case that holds – California holds a bail for poor people to be unconstitutional. The only issue is here – and there is no habeas corpus. Therefore, some of these cases do not apply. The cases that the opposing side signs are not applicable because there is no habeas corpus request here. Counsel, can I ask you? Of course. Even if we were able somehow to get past this 11th Amendment immunity problem, haven't your clients received the relief they wanted in state court? I thought the California Supreme Court had said you have to consider their payment – their ability to pay before denying them bail. So I don't understand how you haven't – I thought you'd already received the relief effectively by the California Supreme Court. I'm not – I'm not sure what you want to refer to. Are you talking about in the Humphrey case or some other instance that – because I don't recall it in the record. Yeah, the Humphrey case in 2021. Yes, the simple holding is that the practice of conditioning pretrial release solely on whether an arrestee can afford a bail is unconstitutional. That's already been determined by the California Supreme Court. Therefore, through the application of the Eighth Amendment, conditioning release or bail upon ability to pay is an excessive bail in violation of the Eighth Amendment. It's pretty straightforward and the – Exactly. Okay. All right. Yes, sir. I'm done. Okay. I guess so am I. Okay. No further questions from the bench? Okay. Thank both sides for their argument. The Tim Munoz cases are now submitted for decision.
judges: WALLACE, FLETCHER, NELSON